KERR et al. v. STATE et al. (No. 6002.)

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1918.)

Appeal from District Court, Travis County; Ireland Graves, Judge.

On application for rehearing. For former opinion, see 205 S. W. 474. Rehearing denied.

E. H. Yeiser, of Austin, and C. S. Williams, of Plainview, for appellants. N. A. Rector, of Austin, for appellee T. F. Pinckney. B. F. Looney, Atty. Gen., and G. B. Smedley, Asst. Atty. Gen., for the State.

JENKINS, J. It is immaterial whether the field notes of the Thompson surveys, other than those adjacent to the leagues, were original or amended field notes. None of them, except Nos. 10 and 11, is in the record; but it is agreed that these surveys are 1,900 varas square. The ultimate fact to be ascertained is: Where did Chalk locate the western lines of the Thompson surveys adjacent to the league? This will be ascertained by beginning at either the northwest corner of survey No. 19, or at the stone 269 varas north 45° east from said corner, and running thence west 24,290 varas. The point thus reached will be the western line of the Thompson survey through which this line runs.

It is evident to our minds, from the facts in the record, that the call in the Thompson field notes for the east line of the league survey was made by conjecture, and should not control the northeast corner of No. 19.

Whether the line running west 24,290 should begin at the northeast corner of No. 19, or at the stone 269 varas north 45° east from such corner, is a fact to be found by the court or jury retrying this case. It is evident that Chalk could not have located the Thompson surveys immediately adjacent to the leagues, if he actually surveyed them on the ground, in any other way than by running from one or the other of these points the distance across the intervening Thompson surveys,

as shown by their field notes. If he made no actual survey of these adjacent Thompson surveys, the actual run that was made for his connecting line from the sod house corner shows that these surveys must be run out as above indicated.

The motion of all appellees for a new hearing is overruled.

Motion overruled.